IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Griselda Ankele, | NO. C 04-04811 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| Suzanne Johnson, et al., | |
| Defendant(s). | |

## **I. INTRODUCTION**

Plaintiff Griselda Ankele ("Plaintiff") moves for reconsideration[1] of the Court's Order entered on May 6, 2005 ("Order"), granting Defendants Steven Hubert and Suzanne Johnson (collectively "Defendants") request for remand, sanctions under Rule 11, and attorneys' fees and costs under 28 U.S.C. § 1447(c), judicial notice, and declaring Plaintiff to be a vexatious litigant. Notwithstanding the Plaintiff's failure to comply with the Local Rules of Court in filing her motion, the Court held a hearing on June 13, 2005.

Based upon the oral arguments and the papers filed to date, the Court DENIES Plaintiff's Motion for Reconsideration because Plaintiff fails to meet any of the standards outlines in Rules 59 and 60 of the Federal Rules of Civil Procedure, or Rule 7-9 of the Civil Local Rules of Court.

---

[1] The Court notes that Plaintiff's Motion is entitled, "Plaintiff's Motion to Set Aside/Vacate Fraudulent Order for Intrinsicic [sic] and Extrinsic and Fraud on the Plaintiff Fraud Rule 60(b)." The best construction that the Court can give to this motion is a motion for reconsideration pursuant to Rules 59 and 60 of the Fed. R. Civ. P. and Rule 7-9 of the Civil Local Rules of Court.

## II. BACKGROUND

The full background of this case is articulated in the Court's Order dated May 6, 2005.[2] This action originated in state probate court. In July 2004, Plaintiff filed her first Notice of Removal and Complaint ("First Removal Action") (C 04-02779 JW). Plaintiff's "Complaint" asserted various constitutional and tort claims against her former attorneys, the probate referee, and the probate judge. The Court granted Defendants' Request for Remand on September 27, 2004 for several reasons, including improper removal by a party who was not a "defendant" in the original state action. However, the Court denied Defendants' Request for Costs and Fees associated with the removal proceeding. ("First Remand Order") (Docket Item No. 34.) The Court warned Plaintiff that she should anticipate Fed. R. Civ. P. 11 sanctions, and the state counterpart, if she pursues claims that lack factual and or legal merit.

In November 2004, Plaintiff filed a writ proceeding before the Ninth Circuit Court of Appeals. In February 2005, the Ninth Circuit denied Plaintiff's petition for mandamus and barred submission of any further motions for reconsideration, clarification, stay of the mandate, or any other submission.

As the appeal was pending, on November 12, 2004, Plaintiff filed the present Notice of Removal and Complaint ("Second Removal Action") (C 04-04811 JW), alleging similar claims against similar parties. On May 6, 2005, the Court granted various motions filed by the two Defendants, including, request for remand, sanctions under Rule 11, and attorneys' fees and costs under 28 U.S.C. § 1447(c), judicial notice, and declaring Plaintiff to be a vexatious litigant. Presently before the Court is Plaintiff's Motion for Reconsideration of the Order.

## III. ANALYSIS

As an initial matter, the Court emphasizes that this Motion is not precluded by the Order declaring Plaintiff a vexatious litigant. If proper ground exists, reconsideration of an Order may be sought, even one which prohibits future action in the same case without the Court's approval. In her twenty-two page motion, Plaintiff refers to a multitude of statutes and rules, none of which support her

---

[2] The Court notes that the May 6, 2005 Order was mistakenly issued under case No. C 04-02779 JW, which was Plaintiff's first removal case. Through this current order, under case No. C 04-04811 JW, the Court corrects its typographical error.

1  arguments for reconsideration. The Court notes that throughout the motion Plaintiff attacks the fairness
2  of Judge Ware. The Court declines to recuse itself, but instead considers the merits of the Plaintiff's
3  arguments. (See Motion at 6, "bias and prejudice of Judge Ware against Plaintiff"; at 7, "Judge
4  Ware's ethic is questionable here because he became the advocate [sic] for the defendants not the
5  judge of the case"; at 9, "Judge Ware who disregarded all evidence and ruled against plaintiff in
6  retaliation of the plaintiff knowledge of his confess lies and for the reason she disqualified him . . .";
7  at 17, "Judge ware [sic] lied and mislead plaintiff notice or removal and claim".)

**A.    Plaintiff May Not Bring Her Motion for Reconsideration Either Federal Rules of Civil Procedure 59 nor Local Civil Rule 7-9.**

Civil Local Rule 7-9(a) sets forth the procedure for seeking leave to file a motion for reconsideration: "Before entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b ). No party may notice a motion for reconsideration without first obtaining leave of Court to file a motion." L.R. 7-9(b). In this case, Plaintiff noticed her motion for reconsideration without first obtaining leave of Court to file the motion as required by Local Civil Rule 7-9(a). This violation alone warrants dismissal of Plaintiff's reconsideration motion. However, the Court prefers to evaluate Plaintiff's motion on the merit, giving some defference to the fact that Plaintiff is a pro se litigant.

The Ninth Circuit has espoused three grounds upon which a motion for reconsideration may be based: 1) an intervening change in controlling law; 2) the availability of new evidence; or, 3) the need to correct clear error or prevent manifest injustice. See Painting Industry of Hawaii Market Recovery Fund v. United States Department of the Air Force, 756 F. Supp. 452, 453 (D. Hawaii 1990); Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). These grounds are generally replicated in Federal Rules of Civil Procedure 59(e) and Civil Local Rule 7-9(b). In this case, Plaintiff fails to meet any of the requirements. Plaintiff asserts neither a change in law, the availability of new evidence, nor the need for the Court to correct any clear error. Instead, Plaintiff simply rehashes arguments made in Plaintiff's previous opposition to Defendants' original motions for

3

1  remand, attorneys' fees and costs, and Rule 11 sanctions.

2  For example, Plaintiff rehashes the argument that the Court has jurisdiction over her action.
3  She states: "Judge Ware denies over and over again that the federal court does not have jurisdiction,
4  which is not true at all first the amount in controversy is more that $ 75,000.000m [sic] which gives
5  the federal court jurisdiction. Second plaintiff is more than eighteen years old, and citizen of
6  California. The diversity exists because two of the parties [sic]." (Motion at 9.) This argument
7  clearly ignores the Court's Order, which throughly analyzed federal court's jurisdiction over the
8  administration of probate proceedings pursuant to the legal standards established in the Ninth Circuit.
9  (Order at 6-7.) Plaintiff also rehashes her civil rights claims, but they are not new claims based on
10 intervening change in controlling law, new evidence, or need to correct clear error. Rather, Plaintiff
11 asserts the same civil rights claims arising out of 28 U.S.C. § 1443, which the Court disposed of in its
12 Order. Thus, in rehashing her arguments made in previous opposition, Plaintiff has violated the
13 prohibition against repeating previous arguments set forth in Local Civil Rule 7-9(c). Accordingly, a
14 motion for reconsideration is properly denied where it presents no new arguments. See Blacklund v.
15 Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

16 **B.     Plaintiff's Motion for Reconsideration Fails Under 60(b)(3).**

17 The clearest rule the Court can ascertain from Plaintiff's disorganized motion for
18 reconsideration is under Rule 60(b)(3) of the Federal Rules of Civil Procedure. However, Plaintiff
19 fails to meet the standard for relief from judgment or order on the ground of fraud as alleged. Federal
20 Rule of Civil Procedure 60(b)(3) provides for relief from judgment on the grounds of "fraud ... ,
21 misrepresentation, or other misconduct of an adverse party." To prevail on a Rule 60(b)(3) motion,
22 "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or
23 misconduct, and that the conduct complained of prevented the moving party from fully and fairly
24 presenting the case." In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir. 1987) (citations omitted).
25 A moving party must establish the fraud or other misconduct by clear and convincing evidence. See
26 England v. Doyle, 281 F.2d 304, 309-10 (9th Cir. 1960).

27 In her motion, the fraud Plaintiff alludes to is not attributed to the opposing parties, that
28 Defendants got their judgment through fraud upon the Court or the Plaintiff as contemplated by the rule.

4

1 Rather, Plaintiff suggests that the Court itself has committed fraud. Plaintiff states:

2   Rule 60 (b) (3) expressly states that a party may be relieved from a judgment on the basis of fraud, regardless of whether the fraud could be classified as "intrinsic: or "extrinsic" [sic] Pursuant to this rule, judgments have been set aside and a wide variety of allege frauds. For example, *misconduct for which plaintiff is requesting relief is witness tampering, which consists of threatening a witness or attempting to dissuade a witness from testifying which is what Judge Ware did by naming plaintiff 'vexatious litigant.' . . . the abuse of discretion makes Judge Ware's order fraudulent, deceit, contrary to law, and unconstitutional."*

6 (Motion at 1, 2.) (emphasis added.)

7 Accordingly, Plaintiff's use of Rule 60(b)(3) to support her fraud claim is inappropriate. Plaintiff's motion presents no new evidence, or that the Court's Order in flavor of the Defendants was obtained through fraud committed by the Defendants. Plaintiff merely repeats multiple arguments previously made before this Court.

**IV.  CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration is DENIED.

Dated: June 20, 2005                              /s/ James Ware
                                                  JAMES WARE
                                                  United States District Judge

United States District Court
For the Northern District of California

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Debra Spotts Blum blumd@wemed.com
Kenneth H. Prochnow kprochnow@prochlaw.com
Louis Harrison Castoria castorial@wemed.com
Pamela Phillips pphillips@rjop.com
S. Amber Lee alee@rjop.com
Suzanne Merle Mellard smm@rjop.com

Griselda Ankele
2014 Frauenfeld St
Manteca, CA 95337

**Dated: June 20, 2005**               **Richard W. Wieking, Clerk**

                                       **By:   /s/ JW Chambers**
                                       **Ronald L. Davis**
                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California