United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Griselda Ankele,<br><br>　　　　Plaintiff,<br>　v.<br>Suzanne Johnson, et al.,<br>　　　　Defendants.<br>_____/ | NO. C 04-04811 JW<br><br>**ORDER DENYING DEFENDANTS ADDITIONAL ATTORNEYS' FEES BUT GRANTING COSTS TO DEFENDANTS** |

## I. INTRODUCTION

Defendant Steven Hubert filed this motion for attorney's fees pursuant to 28 U.S.C. § 1447(c) on May 24, 2005. Defendant Suzanne Johnson filed a joinder in motion for attorney's fees on June 7, 2005. Based on all the papers filed to date, the Court DENIES Defendants' motion for award of attorneys' fees but GRANTS Defendants' request for costs under 28 U.S.C. § 1447(c).

## II. BACKGROUND

The full background of this case is articulated in the Court's Order dated May 6, 2005. This action originated in state probate court. In July 2004, Plaintiff filed her first Notice of Removal and Complaint ("First Removal Action") (C 04-02779 JW). Plaintiff's "Complaint" asserted various constitutional and tort claims against her former attorneys, the probate referee, and the probate judge. The Court granted Defendants' Request for Remand on September 27, 2004 for several reasons, including improper removal

by a party who was not a "defendant" in the original state action. However, the Court denied Defendants' Request for Costs and Fees associated with the removal proceeding. ("First Remand Order") (Docket Item No. 34.) The Court warned Plaintiff that she should anticipate Fed. R. Civ. P. 11 sanctions, and the state counterpart, if she pursues claims that lack factual and or legal merit.

In November 2004, Plaintiff filed a writ proceeding before the Ninth Circuit Court of Appeals. In February 2005, the Ninth Circuit denied Plaintiff's petition for mandamus and barred submission of any further motions for reconsideration, clarification, stay of the mandate, or any other submission.

As the appeal was pending, on November 12, 2004, Plaintiff filed a Notice of Removal and Complaint ("Second Removal Action") (C 04-04811 JW), alleging similar claims against similar parties. On May 6, 2005, the Court granted various motions filed by the two Defendants, including, request for remand, sanctions under Rule 11, and attorneys' fees and costs under 28 U.S.C. § 1447(c), judicial notice, and declaring Plaintiff to be a vexatious litigant. On June 20, 2005, this Court denied Plaintiff's motion for reconsideration. (See Docket No. 73.)

As of October 19, 2005, the Ninth Circuit Court of Appeal has denied Plaintiff's motion to stay this Court's May 6, 2005 Order filed in C04-2779 JW and the June 20, 2005 Order filed in C04-4811 JW. (See Docket Item No. 82.)

Presently before this Court are Defendants' motions for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiff filed an opposition and also made a request for sanctions against the Defendants on June 23, 2005.

**III. DISCUSSION**

As the Court discussed at length in its September 27, 2004 and May 6, 2005 Orders[1], the Court lacked jurisdiction over this action. In the Court's May 6, 2005 Order, the Court found it appropriate to amend costs of the improper removal on Plaintiff. Since an assessment to reimburse the injured party's attorneys' fees is within the range of permissible Rule 11 sanctions, the Court concluded that a $5,000 sanction was appropriate. The Court equally divided the amount among the two Defendants, each

---

[1] As the Court noted in the June 20, 2005 Order, its May 6, 2005 Order was mistakenly issued under case No. C 04-02779 JW, which was Plaintiff's first removal case. The May 6, 2005 Order may be found at Docket Item No. 42 of C 04-02779.

1  receiving $2,5000.  The Court also made a further award under 28 U.S.C. § 1447(c) and invited the
2  Defendants to submit a cost bill in accordance with the Federal Rules of Civil Procedure and the Local
3  Rules of this Court.
4        There is no question that the Court has the power to award such fees and costs on the record
5  before it.  An order remanding a case to state court "may require payment of just costs and any actual
6  expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district
7  court may exercise its discretion to award fees and costs absent a finding of bad faith on the part of the
8  removing party.  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992).  The
9  statute itself makes no reference to the removing party's intent or state of mind, but instead focuses solely
10 on the mere absence of subject matter jurisdiction. Moore, 981 F.2d at 446. Additionally, since section
11 1447(c) is not punitive and simply reimburses the non-removing party for unnecessary litigation costs, there
12 is a more liberal standard for the award of expenses under section 1447(c) than for sanctions under Rule
13 11. See Moore, 981 F.2d at 447 (9th Cir 1992).
14       Defendant Hubert submits a Declaration of Debra Blum to support his calculation that the defense
15 of Plaintiff's second removal has costed $6,005.00, which include fees and costs, and an addition three
16 hours at $495.00 an hour in connection with the filing of the current motion.  Defendant Hubert contends
17 that this is in addition to the fees and costs he incurred in defending the first removal action, which came to
18 $6, 175.92.  Defendant Johnson submits a Declaration from Kenneth Prochnow to support her calculation
19 that the total fees and costs are $5,5616.00.  While the Court acknowledges that Plaintiff's improper
20 removals have costed Defendants significant amounts of fees and cost, the Court does give some deference
21 to Plaintiff's pro se status.
22       Since the Court has already sanctioned Plaintiff under Rule 11 for $5000, the Court finds that it is
23 unnecessary to punish Plaintiff with additional awards of attorneys' fees.  Though an award under section
24 1447(c) is intended to reimburse the non-removing party, Plaintiff's status as a pro se makes any additional
25 awards punitive.  Additionally, a careful review of the Court's May 6, 2005 Order, shows that the Court
26 did not intend to award attorneys' fees under section 1447(c).  While the Court readily discussed its
27 willingness to award the $5000 attorneys' fees as sanctions under Rule 11, the Court merely invited the
28 Defendants to make an accounting of their costs resulting from having to defend Plaintiff's improper

United States District Court
For the Northern District of California

3

removal and ordered the Defendants to submit such cost bill in accordance with the rules of Court.  (See Order at 12.)

## IV.  CONCLUSION

For the reasons stated above, the Court declines to award additional attorneys' fees but does award reasonably costs to Defendants.  Defendants shall submit a cost bill for the defense of the second removal action in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Dated: October 31, 2005                              /s/ James Ware
                                                     JAMES WARE
                                                     United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Debra Spotts Blum blumd@wemed.com
Kenneth H. Prochnow kprochnow@prochlaw.com
Louis Harrison Castoria castorial@wemed.com
Pamela Phillips pphillips@rjop.com
S. Amber Lee alee@rjop.com
Suzanne Merle Mellard smm@rjop.com

Griselda Ankele
2014 Frauenfeld St
Manteca, CA 95337

**Dated: October 31, 2005**                                **Richard W. Wieking, Clerk**

**By: _/s/ JW Chambers_____**

    **Ronald L. Davis**
    **Courtroom Deputy**

**United States District Court**
For the Northern District of California